IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN NKANSAH, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DOTUN AIYEGBUSI et al., | : | No. 16-587 |
| *Defendants*. | : | |

**MEMORANDUM**

PRATTER, J.                                                                    DECEMBER 8, 2016

Stephen Nkansah claims that the Defendants concocted and executed a fraudulent scheme

to cheat him out of thousands of dollars with false promises of investment in a burgeoning

Colombian beverage company.  Defendants Doton Aiyegbusi, Byron Drayton, and Robert

Towns have now moved to dismiss, variously arguing that Mr. Nkansah did not sufficiently

plead his fraud claims against them, and that the claims for fraud and conversion are barred by

the gist of the action doctrine.  The Court heard oral argument on the motions and will now deny

Mr. Towns's Motion and grant in part and deny in part the Motion filed by Messrs. Aiyegbusi

and Drayton.

**BACKGROUND**

Stephen Nkansah alleges that Robert Towns, with the help of Dotun Aiyegbusi, Byron

Drayton, and Robert Lee Williams, convinced him to enter into an oral contract with Mr. Towns

through which Mr. Nkansah would get a 60% share in Wazzoo Juices,[1] a Colombian beverage

company, in exchange for financial investment in the company.  He alleges that the agreement

involved him investing in the company, with the promise that he would receive regular financial

---

[1] The Complaint also mentions Wazzoo Beverages, which appears to be a separate, but related,
Colombian beverage company.

information as to how his funds were being used and that if he became dissatisfied with his investment, his money would be refunded within 30 days of demand.  From mid-July 2014 through November 3, 2014, Mr. Nkansah paid over $107,000, portions of which he wired to Wazzoo Juices' bank account, to other Defendants with the understanding that they would in turn transfer the funds to Wazzoo Juices, to a British law firm that was supposed to do trademark work for the company, and to a website design company.  By the end of November 2014, Mr. Nkansah, having received none of the financial information promised, demanded a return of his investment.  Mr. Towns responded that he had sent financial reports, but did not return the money.  Despite repeated demands to various Defendants, Mr. Nkansah is still out his investment and has not received any documentation of his status as an investor.  Mr. Nkansah alleges three counts: breach of contract against Mr. Towns, fraud against all Defendants, and conversion against Mr. Towns.

Given that the procedural background in this case is fairly complicated, the Court will only discuss the issues relevant to the now pending motions.[2]  Throughout the month of April, this year, Mr. Nkansah filed affidavits of service purporting to show service on Dotun Aiyegbusi and Byron Drayton.  Neither answered by the pleading deadlines, prompting Mr. Nkansah to request default; and default was entered.  Likewise, after Mr. Williams's motion to dismiss was denied, he failed to answer, and Mr. Nkansah requested default, and the Clerk entered default. Mr. Nkansah then requested default judgment against these Defendants.[3]

---

[2] Not long after the Complaint was filed, Mr. Williams filed a *pro se* motion to dismiss, arguing that fraud was not pled with specificity, and the Court denied that motion.

[3] On November 3, 2016, counsel entered an appearance for Mr. Williams and filed a motion to set aside default with a proposed Second Amended Answer that contains sufficient factual allegations and denials to provide a potentially meritorious defense.  Plaintiff's counsel did not oppose the motion, and the Court granted it.

After default had been entered against three of the four defendants, counsel for Messrs. Aiyegbusi and Drayton filed a motion to dismiss, arguing that Mr. Nkansah failed to sufficiently plead their involvement in any fraud and that the claim is barred by the gist of the action doctrine. Mr. Drayton also argued that he was not properly served. Mr. Nkansah opposed the motion, and in doing so, he argued, among other things, that because default had been entered against these defendants, the motion was not proper. Within a few days of Mr. Nkansah's response, Messrs. Aiyegbusi and Drayton moved to set aside the default. Mr. Nksansah did not respond formally to the motion to set aside default, but mentioned in correspondence to the Court that he did not oppose it. Thus, the Court granted the motion as unopposed, leaving the motion to dismiss by Defendants Aiyegbusi and Drayton pending.

In August, Mr. Nkansah filed an affidavit of service on the fourth defendant, Mr. Towns. Shortly thereafter, counsel for Messrs. Aiyegbusi and Drayton entered an appearance for Mr. Towns and filed a motion to dismiss on his behalf. Both motions to dismiss are ripe for decision.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations and quotations omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555 (citations omitted).  The question is not whether the claimant will ultimately prevail but whether the complaint is "sufficient to cross the federal court's threshold."  *Skinner v. Switzer,* 562 U.S. 521, 530 (2011) (citation omitted).  An assessment of the sufficiency of a complaint is thus "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief."  *W. Penn Allegheny Health Sys., Inc. v. UPMC,* 627 F.3d 85, 98 (3d Cir. 2010) (citations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters.  For one, the Court "must only consider those facts alleged in the complaint and accept all of the allegations as true."  *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir. 1994) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)); *see also Twombly,* 550 U.S. at 555 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").  The Court also must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party.  *See Rocks v. City of Phila.,* 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth. of N.Y. & N.J.,* 598 F.3d 128, 134 (3d Cir.2010). Nonetheless, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.,* 232 F.3d 173, 183–84 (3d Cir.2000) (citations and quotations

omitted), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997) (citations and quotations omitted).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  Pleading "particularity" does not require plaintiffs to "plead the date, place or time of the fraud, so long as they use an alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 658 (3d Cir. 1998) (citations omitted), *abrogation on other grounds recognized, Forbes v. Eagleson,* 228 F.3d 471 (3d Cir. 2000). While the purpose of Rule 9(b) is to provide notice of the precise misconduct alleged, courts should "apply the rule with some flexibility and should not require plaintiffs to plead issues that may have been concealed by the defendants." *Id.*  The Third Circuit Court of Appeals has cautioned against focusing exclusively on Rule 9(b)'s particularity language because such a focus is "too narrow an approach [that] fails to take account of the general simplicity and flexibility contemplated by the rules." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir. 1984) (citations and quotations omitted).  Instead, the court should focus on whether the complaint "adequately describes the nature and subject of the alleged misrepresentation." *Id.*

**DISCUSSION**

### A.  Motion to Dismiss by Defendants Drayton and Aiyegbusi

Messrs. Drayton and Aiyegbusi moved to dismiss the Complaint, arguing that the allegations against them do not sufficiently state a claim for fraud and that the gist of the action

doctrine bars the claim.[4]  More specifically, both defendants argue that Mr. Nkansah has not

sufficiently pleaded a fraud claim against them because, defendants argue, he does not identify

any specific misrepresentations nor does he properly allege reliance because by the time he

talked to either Mr. Drayton or Mr. Aiyegbusi he had already entered into a contract with Mr.

Towns to invest in Wazzoo Juices.  The Court acknowledges that it previously rejected co-

defendant Mr. Williams's 9(b) argument with respect to the fraud claim, but the Court is

constrained to point out that the facts alleged as to Mr. Drayton and Mr. Aiyegbusi are slightly

less extensive and specific.

"To establish common law fraud [under Pennsylvania law], a plaintiff must prove: (1)

misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action;

(4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the

party defrauded as a proximate result." *Hunt v. U.S. Tobacco Co.,* 538 F.3d 217, 225 n.13 (3d

Cir. 2008).  As to Mr. Drayton, Mr. Nkansah alleges that Mr. Drayton participated in a meeting

and a conference call and, together with Messrs. Williams and Towns, convinced Mr. Nkansah to

invest in Wazzoo Juices, knowing that the representations about the investment and the

circumstances surrounding it (*e.g.*, that Mr. Towns was trustworthy; that others, including the

other defendants, would also be investing, etc.) were false, and that because of these

misrepresentations, he entered into a contract with Mr. Towns and was ultimately swindled out

of thousands of dollars.  It is not clear what precisely Mr. Drayton said during these discussions,

but Mr. Nkansah does at least allege that Mr. Drayton either made representations or failed to

correct clear misstatements.  Given that Mr. Nkansah identified the types of statements, as well

---

[4] Mr. Drayton also argued that he was not properly served, but at oral argument, the parties agreed to work out the service issues between them.  Thus, recognizing and applauding the wisdom of the parties' approach to this issue, the Court will not discuss that argument here.

as the general time, place, and circumstances under which these statements were made and Mr.

Drayton's general participation, the Court will not dismiss the Complaint as to Mr. Drayton.

As to Mr. Aiyegbusi, there are fewer allegations.  Mr. Nkansah does allege that he

forwarded money to Mr. Aiyegbusi with the intent that the money be sent to Mr. Towns for use

by Wazzoo Juices, and that the money was never returned, but he does not aver anything about

representations allegedly made by Mr. Aiyegbusi with respect to that money or that Mr.

Aiyegbusi did anything with the money that he should not have.  He does allege more generally

that all of the defendants, including Mr. Aiyegbusi, made representations or failed to make

representations that caused him to enter into the investment, but he does not inject any precision

into his allegations against Mr. Aiyegbusi.  Because Mr. Nkansah's allegations as to Mr.

Aiyegbusi do not meet the standard under Federal Rule of Civil Procedure 9(b), the Court will

grant the motion to dismiss the claim against him, but without prejudice.

Defendants also argue that the gist of the action doctrine bars the fraud claim because the

real issue in the case is the breach of the oral contract between Mr. Nkansah and Mr. Towns.

The gist of the action doctrine "serves to preserve the conceptual distinction between breach of

contract claims and tort claims" by "preclud[ing] one from pursuing a tort action for the breach

of contractual duties."  *Bishop v. GNC Franchising LLC,* 248 Fed. App'x. 298, 299 (3d Cir.

2002) (citing *eToll, Inc. v. Elias/Savion Adver., Inc.,* 811 A.2d 10, 14 (Pa. Super. Ct. 2002)).  The

doctrine bars tort claims "(1) where the claim arises solely from a contract between the parties;

(2) where the duties allegedly breached were created by a contract; (3) where liability is derived

from a contract; or (4) where the success of the tort claim is dependent on the terms of a

contract."  *Arader v. Dimitrov,* No. 11–3626, 2012 WL 346680, at *7 (E.D. Pa. Feb.3, 2012)

(citing *Pittsburgh Constr. Co. v. Griffith,* 834 A.2d 572, 582 (Pa. Super. Ct. 2003).  Although the

Pennsylvania Supreme Court has not yet expressly adopted the gist of the action doctrine, both Pennsylvania state and federal courts have predicted it would do so.  *See, e.g., Williams v. Hilton Grp. PLC,* 93 Fed. App'x. 384, 385 (3d Cir. 2004); *eToll,* 811 A.2d at 14.

However, in this case, the contract at issue was between Mr. Nkansah and Mr. Towns. The cases cited by Messrs. Drayton and Aiyegbusi in support of their gist of the action argument all involve defendants who were parties to the contract or officers of the corporation that was party to the contract.  *See, e.g., Integrated Waste Solutions, Inc. v. Goverdhanam*, Civil Action No. 10-2155, 2010 WL 4910176, at \*12-13 (E.D. Pa. Nov. 30, 2010) (dismissing fraud claim based on gist of the action doctrine when defendant was officer of the company with which plaintiff had a contract and fraud claim merely restated contract claim); *Williams v. Hilton Group*, 93 Fed. App'x. 384, 385 (3d Cir. 2004) (same).  Neither Mr. Drayton nor Mr. Aiyegbusi were parties to any contract with Mr. Nkansah and although they are referred to loosely as potential partners in Wazzoo Juices, it is, at best, unclear at this point what their roles were vis a vis Mr. Towns or Wazzoo.  For this reason, the gist of the action doctrine argument fails as to these Defendants.  *See, e.g., Comcast Spectator L.P. v. Chubb & Son, Inc.*, Civil Action No. 05-1507, 2006 WL 2302686, at \*23 (E.D. Pa. Aug. 8, 2006) (refusing to dismiss fraud claim against an individual defendant under the gist of the action doctrine when that defendant was not a party to any contract with the plaintiff).

### B.  Mr. Towns's Motion to Dismiss

Mr. Towns moves to dismiss only the fraud and conversion claims against him.  First, Mr. Towns, like the other defendants, claims that the allegations of fraud are insufficient.  In particular, Mr. Towns argues that Mr. Nkansah fails to allege reliance.  Certainly, as to Mr. Towns, Mr. Nkansah identifies meetings and conference calls at which Mr. Towns made

promises about Mr. Nkansah's investments that Mr. Towns never intended to honor, failed to

reveal anything about his checkered past, and misrepresented who else was investing in the

company.  As to reliance, Mr. Nkansah has alleged that Mr. Towns's (and the other defendants')

promises about the investment were what induced him to invest, and there are no facts alleged

that would make that reliance seem unreasonable.  Therefore, Mr. Towns's insufficiency

argument fails.

Mr. Towns also argues that the fraud and conversion claims against him are barred by the

gist of the action doctrine.  Mr. Nkansah argues that the contract claim is collateral to the fraud

and conversion claims, not the other way around.  He claims that Mr. Towns's duties to him

were not simply contractual duties, but also duties imposed as a matter of social policy not to

engage in fraudulent conduct.  He distinguishes the fraud and conversion claims, describing them

as acts of taking and/or converting his money under false pretenses, from the contract claim,

describing it as depending on Mr. Towns's failure to provide financial records as promised.

To the extent that the fraud claim is one for fraudulent inducement, the gist of the action

doctrine may not bar the claim.  While fraud in the performance of a contract is nearly always

barred, there is a split of authority over whether *all* fraudulent inducement claims are exempt

from the gist of the action doctrine or just fraudulent inducement claims that involve fraudulent

misrepresentations that are not directly memorialized in the terms of the contract.  *See Vives v.*

*Rodriguez*, 849 F. Supp. 2d 507 (E.D. Pa. 2012).  Either way, there appears to be more to the

fraud claim against Mr. Towns than just misrepresentations that were then memorialized in the

terms of the contract, especially to the extent that Mr. Nkansah alleges that the defendants,

including Mr. Towns, lied or failed to tell him about Mr. Towns's history and misrepresented

who else was investing in the company.  Therefore, the gist of the action argument must fail as to the fraud claim, at least at this time.

The conversion claim, however, although it includes allegations that the funds were procured by fraud, focuses on the failure of Mr. Towns to return the funds at Mr. Nkansah's request, which is a contractual breach.  Thus, the conversion claim may well be barred by the gist of the action doctrine.  Mr. Nkansah tries to distinguish Mr. Towns's cases on the conversion issue by saying that they all involve contractually-owed money, rather than money procured by fraud and then not returned, but this may be a distinction without a difference, especially in the absence of any cases making this point.  *Compare, e.g., Rahemtulla v. Hassam*, 539 F. Supp. 2d 755 (M.D. Pa. 2008) (holding that gist of the action doctrine barred conversion claim when plaintiffs claimed that co-partner wrongfully retained $340,000 belonging to plaintiffs that plaintiffs had paid pursuant to a partnership agreement).  However, in the event that the oral contract is found to be invalid for some reason, the conversion claim may be pleaded as an alternative claim.  *See Orthovita, Inc. v. Erbe*, Civil Action No. 07-2395, 2008 WL 423446, at *4-5 (E.D. Pa. Feb. 14, 2008) ("Notwithstanding the efficacy of the doctrine, a court should be slow to dismiss claims under the gist of the action doctrine.  Federal civil procedure allows parties to plead multiple claims as alternative theories of liability."); *Berger & Montague v. Scott & Scott*, 153 F. Supp. 2d 750, 754 (rejecting gist of the action challenge and allowing alternative pleading of breach of contract and conversion claims).

CONCLUSION

For the foregoing reasons, Defendants Aiyegbusi and Drayton's Motion is granted in part and denied in part, and Defendant Towns's Motion is denied.  The fraud claim against Mr. Aiyegbusi will be dismissed without prejudice.  An appropriate Order follows.


BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge